[Civ. No. 5607. Third Appellate District.—October 20, 1936.]

LUCILLE LAVERNE, Respondent, v. WILLIAM DOLD et al. Appellants.

Gerald M. Desmond, Stanley W. Reckers and Downey, Brand & Seymour for Appellants.

Clifford A. Russell, Richard L. Oliver and Noel B. Martin for Respondent.

PULLEN, P. J.—In this case the trial court set aside the verdict of the jury and granted the motion of plaintiff, respondent herein, for a new trial upon the ground of insufficiency of the evidence, and newly discovered evidence. Appellant urges such order constituted an abuse of discretion.

The accident with which this litigation is concerned occurred in the afternoon of May 18, 1933, in a business district and at an obstructed intersection of Third and M Streets in Sacramento. Defendant Rose, as the employee of defendant Dold, was driving a truck southerly on Third Street where it intersects M Street, and plaintiff, a guest, was riding in the front seat of a Stutz automobile being driven by Mrs. Nourse, easterly on M Street. There was a street car track on Third Street and double car tracks on M Street. Plaintiff testified she saw the truck before it entered the intersection, the Stutz then being about its length in the intersection. She also testified the truck was on the wrong side of the street and was traveling about 35 miles per hour and the Stutz traveling about 15 miles per hour. The Stutz, in an attempt to avoid a collision, was stopped when its front wheels were about two feet beyond the easterly track of the car tracks and was struck by the truck near the left front wheel.

Clyde W. Reid, a witness who was standing on the Third Street sidewalk testified the truck was going about 30 or 35 or maybe 40 miles an hour into the intersection, traveling along the car tracks in the center of the street. He testified the Stutz entered the intersection first and stopped with its front wheels four or five feet east of the easterly rail of the Third Street line. The driver of the Stutz testified as to the position of plaintiff in the car, that plaintiff was her guest, and that when she was almost in the middle of the street she saw the truck enter the intersection going about 35 miles an hour. She stopped, believing the truck would pass either to her rear or in the front. Other witnesses testified to the same effect, all tending to show the Stutz entered the intersection first, but that the truck failed to yield the right of way, the excessive speed of the truck, the fact that it was being driven on the wrong side of the street, and the failure to turn the truck to the right or the left to avoid the collision. ■ Some of this testimony is contradicted by witnesses called for the defense, but in passing upon a motion for a new trial the trial court becomes the judge of both the weight and sufficiency of the evidence and of the credibility of the witnesses. (*Cooking* v. *Fitch*, 116 Cal. App. 544 [3 Pac. (2d) 27]; *Chorn* v. *Pacific G. & E. Co.*, 135 Cal. App. 195 [26 Pac. (2d) 726].)

It needs the citation of no authority that the trial court is clothed with a wide discretion in passing upon a motion for a new trial. That court had the opportunity, which the reviewing court did not have, of seeing the witnesses and observing their manner while testifying on the stand, and it was very proper that the trial judge be given such latitude. The rule is laid down in *Erickson* v. *Grady,* 119 Cal. App. 596 [6 Pac. (2d) 1002], that the discretion in granting a new trial upon the ground of insufficiency of the evidence will not be deemed to have been abused unless a decision in favor of the moving party would have no substantial legal support in the evidence. An examination of the entire evidence shows that there was substantial evidence to support a verdict for plaintiff.

In considering a motion such as this we find the trial court is clothed with a wide discretion (*Malloway* v. *Hughes,* 125 Cal. App. 573 [13 Pac. (2d) 1062]), and on appeal the presumptions are in favor of the order granting a new trial and against the verdict. (*Rosenberg* v. *George A. Moore & Co.,* 194 Cal. 392 [229 Pac. 34].) We find ample support in the record to justify the trial court in granting a new trial upon the ground of insufficiency of the evidence.

Likewise the court was justified in granting a new trial upon the further ground of newly discovered evidence. An order upon that ground is also a matter within the discretion of the court and will not be disturbed unless an abuse of discretion is clearly shown (*Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891]), and will rarely be disturbed. (*Spear* v. *United Railroads,* 16 Cal. App. 637 [117 Pac. 956].) Such evidence must be, (1) newly discovered, (2) more than cumulative, (3) would render a different result probable, (4) diligence to secure same must be shown by the moving party, and (5) it must be the best evidence. (*Bradbury Estate Co.* v. *Carroll,* 98 Cal. App. 145 [276 Pac. 394].) From the affidavit in support of the motion the evidence of the missing witness comes within these requirements.

The accident occurred in May, 1933, but the case did not go to trial until April, 1935. One Lester B. Robinson is claimed to have witnessed the collision from a different angle than that of any of the other witnesses, and it is alleged he

would have testified as to the position of the cars and the speed of each. Affidavits in support of the motion, to which counter-affidavits were not filed, showed that investigators were employed to locate Robinson in Sacramento and in San Francisco but they were unsuccessful. Appellant claimed respondent made no effort to obtain a continuance of the trial, but as respondent points out, at that time she would have been unable to make an affidavit that the witness would be produced at a given time nor did she know as to what he would testify if called, and not knowing his whereabouts she was then unable to produce a deposition to be used at a subsequent date if the cause were continued.

Finding no abuse in the discretion exercised by the trial court, the order appealed from is affirmed.

Thompson, J., and Plummer, J., concurred.