[Civ. No. 17370. Second Dist., Div. Three. Aug. 21, 1950.]

THE PEOPLE, Respondent, v. ALICE VINSON, Appellant.

Russell E. Parsons and Morris Lavine for Appellant.

George C. Hadley, Hodge L. Dolle and Thomas G. Baggot for Respondent.

SHINN, P. J.—This is an action in eminent domain instituted by plaintiff state to acquire a parcel of property owned by defendant. The property is to be used for highway purposes. The only issue involved was the fair market value of the property on March 11, 1948. After a trial by jury, appellant was awarded $70,000 which was subsequently deposited with the clerk of the court and the state took possession of the real property. Defendant appeals from the judgment and purports to appeal from the order denying her motion for a new trial. No appeal lies from an order denying a motion for a new trial (Code Civ. Proc., § 963), and the purported appeal therefrom must be dismissed.

Defendant was ably represented at the trial. She has additional counsel on the appeal. She complains that the court erred in permitting plaintiff's counsel to cross-examine her expert witness as to the price of $57,500 paid by her for the property some three years before. No authority is cited which furnishes even slight support for this proposition and we find it to be devoid of merit. It is established practice on cross-examination to inquire of an expert witness the prices which are asked or have been paid for other similar lands, for the purpose of testing his knowledge and the weight to be given his opinion. (*Estate of Ross,* 171 Cal. 64 [151 P. 1138] ; *Palladine* v. *Imperial Valley F. L. Assn.,* 65 Cal.App. 727, 756 [225 P. 291] ; *City of San Luis Obispo* v. *Brizzolara,* 100 Cal. 434, 437 [34 P. 1083] ; *City of Los Angeles* v. *Deacon,* 119 Cal.App. 491 [7 P.2d 378].) Such cross-examination as we have here was held permissible in *East Bay Mun. Utility Dist.* v. *Kieffer,* 99 Cal.App. 240, 251 [278 P. 476, 279 P. 178], where it was said : "For the purpose of testing the knowledge of such witnesses and impeaching their opinions as to values the court permitted the plaintiff to ask them, on cross-examination to state their knowledge of other sales of land in the

vicinity and of prices recently paid by defendant for the lands taken. This was not error.'' Both reason and common sense support the view that if selling prices of comparable property are properly taken into account in forming expert opinions as to value, a recent purchase of the identical property would be of first importance. If, as in the present case, a witness has given consideration to a purchase which took place three years before, the time element goes merely to the weight of his opinion. (It is scarcely necessary to add that the widest latitude is allowed in such cross-examination. (*City of Los Angeles* v. *Deacon,* 119 Cal.App. 491 [7 P.2d 378].)

Defendant sought to testify as to the circumstances under which she bought the property, in explanation of the purchase price disclosed in the cross-examination of her expert, Mr. Freeman. After plaintiff's objection had been sustained, defendant made an offer of proof. The offer was to prove by her testimony that at the time she purchased the property she knew the freeway was going through, examined the map in the office of the Division of Highways, believed that only a portion of the property would be taken, and that she intended to erect a hotel on the remainder of the property. Another phase of the offer was stated as follows: ''She bought the property from the owner, the owner having knowledge that the freeway was going through and would take a portion of the property . . . that the property was sold not at its fair market value but was sold by the seller under threat of condemnation; he the seller knowing that at least a portion of the property would be taken by the freeway.'' Objection to the offer of proof was sustained.

Defendant had testified to having purchased several other properties in the vicinity upon which she had made extensive hotel and apartment improvements and which she had later sold. She was questioned by her counsel as to the purpose she had in acquiring the instant property; plaintiff's objection to the question was sustained. This was not error, nor was it error to sustain objections to the offer of proof as to her purpose in acquiring the property. She had given her opinion that the fair market value of the property at the time it was taken was $150,000. The offer to prove her purpose in buying the property was wholly unrelated to the opinion she expressed as to its value. It would have served no purpose whatever other than to prove that her purpose had been frustrated.

The criterion is not the value of the use of the property

to the owner. (*Central Pacific Ry. Co.* v. *Feldman,* 152 Cal. 303 [92 P. 849] ; 10 Cal.Jur. 358.) The value is determined by taking into account the highest possible use to which the land is or may be reasonably put, and what a purchaser would be willing to pay for it in view of such highest possible use. (*Napa* v. *Navoni,* 56 Cal.App.2d 289 [132 P.2d 566] ; *People* v. *Ricciardi,* 23 Cal.2d 390, 401 [144 P.2d 799].) The fact that defendant's plan to improve the property for hotel purposes had been frustrated would have presented to the jury a false element of compensation.

■ We discover no error in the rulings which rejected defendant's offer of proof that she had purchased the property at a time when both she and the owner knew that the freeway would take at least a portion of it. Although the offer was to prove both her purpose in buying the property and other facts which she claimed would tend to prove that the price she paid was less than the market value, she did not make separate offers of proof. Her purpose in buying the property, as we have seen, was not a proper subject of proof. The offered testimony, insofar as it was an attempt to prove the price paid was below market value, was inadmissible because of its insufficiency. Defendant's offered testimony as to the knowledge of the seller of the proposed condemnation would have been hearsay and a mere guess as to the motive of the owner in making the sale. The jurors should not have been asked to speculate as to what he may have been thinking. The court did not err in sustaining an objection to the offer of proof.

■ Defendant also contends that the trial court committed error when it interrupted the argument to the jury made by her counsel. Defendant's counsel sought to argue defendant's purpose in buying the property and the use for which it was to be put. This was an attempt to argue matter not in evidence, and which we have held was properly excluded. There was no error.

■ In an affidavit filed in support of a motion for a new trial defendant alleged acts which she contended amounted to an agreement by the state to purchase her property at a value to be fixed by two of three named appraisers. She claimed that after she was served with summons an employee in the Division of Highways gave her a list of appraisers and promised that the state would pay her the value of her property agreed to by any two of the appraisers; that an appraisement was made of $102,000, and that the employee informed

her that the state would not pay that sum. Although defendant argues the matter as if the state had entered into a valid agreement to purchase her property, she says in her brief: ''When the price was not that suitable to the agents of the State they backed out, but the facts and circumstances of the transaction—like any other transaction—were surely properly admissible before the jury for whatever weight the jury wished to give to it.'' Even on a retrial this evidence would have been inadmissible. The printed argument on the point cites wholly irrelevant cases, discusses the powers of the state in eminent domain and complains that defendant has been deprived of equal protection of the law. The insincerity of the argument is manifested by the fact that it ignores the following matters: The so-called agreement consisted only of an alleged oral promise for the purchase of real estate; it was not claimed to have been made by one who had authority to contract for the state; the alleged agreement was not pleaded by defendant and there had been no effort made to prove it at the trial; the matters alleged were obviously not newly discovered, and no excuse was offered for the delay in asserting claims founded upon them.

Other affidavits were filed on the motion stating in detail information alleged to have been received by defendant, some of it after the trial of the case, with respect to offers and purchases made by the Division of Highways of other property in the vicinity. Such evidence would have been inadmissible under the rules we have stated. It is insisted in defendant's brief that this court can take judicial notice of the fact that property on Vine Street, in Hollywood, where defendant's property is located, is more valuable than that on Argyle where plaintiff made some of its purchases. The record discloses no abuse of discretion in the denial of the motion. The ruling evidences the trial judge's belief that the verdict was a just one and that, even if the facts stated in the affidavits would have been admissible upon a retrial of the case, the evidence would not have brought about a different result. The order may not be reversed in the absence of a clear showing of abuse of discretion. (*Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642 [139 P.2d 666]; *Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777 [163 P.2d 756]; *Dry* v. *City & County of San Francisco,* 83 Cal.App.2d 790 [189 P.2d 761].)

A large part of defendant's brief is devoted to a discussion of the conflicting testimony of the witnesses as to value, and

we are requested to reverse the judgment with directions to the trial court to enter judgment in favor of defendant for the sum of $102,000. The argument does not present any question of law.

The judgment is affirmed. The attempted appeal from the order denying motion for new trial is dismissed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 19, 1950. Carter, J., and Schauer, J., voted for a hearing.