[Civ. No. 4184.   Fourth Dist.   Nov. 19, 1951.]

GARY CELLI, Respondent, v. ROBERT H. FRENCH, JR., Appellant.

Sampson & Dryden and Robert E. Moore, Jr., for Appellant.

Mize, Kroese, Larsh & Mize for Respondent.

BARNARD, P. J.—This is an appeal from an order granting a new trial upon the sole ground of newly discovered evidence.

On August 7, 1948, the minor plaintiff was struck and injured by defendant's automobile which was traveling north on Victoria Drive in Laguna Beach. The boy, then 4 years old, was attempting to cross from the west side of the street to his home on the east side.

The main question at the trial was as to whether or not the defendant had been traveling on the west or wrong side of the street. The defendant moved his car after the accident but the time at which this was done, in relation to another event, was of great importance. A witness for the plaintiff testified that immediately after she heard the screech of brakes she saw the defendant's car parked near the west side of the road facing north, with its left wheels about 4 feet from the left side of the road. The defendant testified that he was driving on the right side of the road at the time of the accident; that he did not move his car after hitting the boy until after the ambulance left the second time, to take the boy to the hospital; and

that when the ambulance left to go to the hospital it went north around and to the left of his car. The testimony for both parties showed that when the ambulance first arrived it came south and parked on the west side, opposite the boy's home; that since the doctor had not yet arrived the ambulance left and proceeded south; that the ambulance later returned, going north, and parked on the right or east side of this street; and that after the boy was placed in it it was driven away in a northerly direction.

The presentation of evidence closed on February 9, 1950, and on motion of the defendant the giving of instructions and the arguments to the jury were postponed to February 14, 1950. On that day, counsel for the plaintiff asked permission to reopen his case for the purpose of putting on some evidence, which is the newly discovered evidence here in question. An offer of proof was also made. It was stated that a new witness had just been discovered who was employed by the Los Angeles school department, but who at times occupied a house adjoining the scene of this accident, and that she would testify that she was there at the time of the accident; that she heard the commotion and went out on the street; that she saw the defendant's car, immediately after the accident, clear over on the west side of the street and headed north; that she saw the defendant move his car from that location, moving it to the right-hand side of the street, going north; that this moving of the car occurred before the ambulance came the first time; and that she saw the ambulance come the first time, driving south on Victoria Drive. The court remarked that this offered evidence contained a new element in that there had been no evidence of the moving of the car by any eyewitness to the moving, and no evidence to the effect that the car had been moved prior to the time the ambulance first arrived. The court suggested that this was an element of newly discovered evidence which could well be considered on a motion for a new trial, if one were made, but denied the motion to reopen for the reason that to do so would be unfair to the defendant who had been allowed to return to his school in Oregon. The case proceeded, and the jury voted 10 to 2 in favor of the defendant. A motion for a new trial was made on all the statutory grounds and was granted "upon the sole ground materially affecting the substantial rights of plaintiff, viz., newly discovered evidence, material for the said party making the said application, which he could not, with reasonable diligence, have discovered and produced at the trial."

An order granting a new trial on the ground of newly discovered evidence is a matter largely within the discretion of the court, and will not be disturbed unless an abuse of discretion clearly appears. Such evidence must not be merely cumulative and must be sufficient to indicate that a different result is probable, and a sufficient showing of diligence must be made. (*Laverne* v. *Dold,* 17 Cal.App.2d 180 [61 P.2d 497].) Recognizing these rules, the appellant contends that an abuse of discretion here appears. It is argued that the proposed evidence was merely cumulative, impeaching and contradictory; that it was only rebuttal and could not have affected the result; that the respondent could have brought out the same things by other witnesses; and that the showing of diligence was insufficient.

Instead of being merely cumulative and impeaching, the new evidence furnished a plausible and probable explanation of what, in its absence, had seemed to present the impossible situation of two cars being parked in the same place. When the ambulance first arrived, coming south, it was parked on the west side of the street in the very place where the respondent's witnesses had testified the appellant's car was stopped immediately after the accident. The new evidence that the appellant's car was moved from that place over to the east side of the road, before the ambulance first arrived, introduced a new element which would naturally clarify the situation and which might well affect the result. The new witness would be the only disinterested witness with respect to the relative time at which the car was moved. (*Brannock* v. *Bromley,* 30 Cal. App.2d 516 [86 P.2d 1062].) In a very real sense she viewed a most material element of the situation from a different angle than that of any of the other witnesses. (*Laverne* v. *Dold,* 17 Cal.App.2d 180 [61 P.2d 497].) None of the other witnesses for the respondent did or could testify as to this matter since it was not known to them. It appears, without dispute, that the identity of this new witness, and the fact that she had been present and had seen these things, was not known to respondent or his counsel until after the taking of evidence was completed. The evidence in question was sufficient to constitute newly discovered evidence within the meaning of the established rules.

The evidence is also sufficient with respect to the showing of diligence. This question was peculiarly one of fact for the trial court, and there is an express finding in that regard. (*Dry* v. *City & County of San Francisco,* 83 Cal.App.2d 790

[189 P.2d 761]; *Dasso v. Bradbury*, 39 Cal.App.2d 712 [104 P.2d 128].) It appears without conflict that this new witness was employed in Los Angeles and that she spent only a portion of her time in Laguna Beach; that she came to Laguna Beach on the February 13 holiday, and then learned that this action was pending; and that the respondent and his counsel were informed on that day for the first time that she had been present at the time of the accident and as to what she had seen. Respondent's counsel acted immediately and tried to have the case reopened. It further appears that a very considerable effort had been made on behalf of the respondent during the latter months of 1948 and during the months of December, 1949 and January, 1950, to discover any witnesses who might know facts material to the case by interviewing all of the neighbors near the scene of the accident; that they had gone twice to the house sometimes occupied by the new witness, finding it closed and unoccupied; and that no one at any time had told them that this witness was present at the scene of the accident. There is no evidence of anything which could reasonably be expected to have indicated to the respondent that this new witness had been present at the scene, or that she knew of any facts which were material to the action which was pending.

The appellant further contends that the respondent was estopped from seeking a new trial because he did not request a continuance on February 14; and that he should not be allowed "to await a favorable outcome of his litigation" before taking action to protect himself. This contention is without merit. The respondent acted as soon as the new evidence became known and before the close of the trial, trying to have the case reopened and offering to pay the expense of bringing the appellant back from Oregon. His requests were denied, and he made a timely motion for a new trial. Every reasonable effort was made to produce the new evidence before the case was submitted to the jury, and no grounds for estoppel appear.

Under familiar rules, it cannot be held that the court abused its discretion in making the order appealed from.

The order is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1952.