[Crim. No. 2508. Third Dist. May 20, 1954.]

THE PEOPLE, Respondent, v. PAUL RAQUEL, Appellant.

Henry W. Mahan and Thomas E. Reynolds for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of violation of section 288 of the Penal Code and from the order denying his motion for a new trial.

There would appear to be no reason for a detailed summary of the evidence at the trial. It is sufficient to note that an examination of the transcript discloses ample evidence to sustain the judgment. Defendant contends that the court erred in denying his motion for a new trial; that it was error for the court to permit the district attorney to interrogate him concerning prior conviction and his service of time therefor; and that he was denied the right under Welfare and Institutions Code, section 5501, to have a determination as to whether or not he was a sexual psychopath prior to judgment and sentence.

In support of his first contention he argues that certain affidavits presented to the court in support of his motion for a new trial show that a different result might have been obtained had such evidence been presented upon the trial. It is the well established rule that the conclusion of the trial court in denying a motion for new trial based upon the grounds of newly discovered evidence will not ordinarily be disturbed on appeal. This is true since the trial judge, because of his familiarity with the facts and circumstances of the entire case, is in a far better position to determine the effect and value of such evidence than is the reviewing court. (*Dry* v. *City & County of San Francisco,* 83 Cal.App.2d 790 [189 P.2d 761].) Consequently such a determination by the trial court will not be reversed unless it is ". . . affirmatively shown or manifestly appears that he has abused the sound discretion confided to him." (*Perry* v. *Fowler,* 102 Cal.App.2d 808 [229 P.2d 46].) We find nothing in the record nor in the briefs of defendant that would in any way show that the trial court in the present case abused its discretion.

While the procedure followed by the district attorney in his examination of the defendant concerning prior conviction was not wholly proper, we cannot say that it was prejudicial. As stated in *People* v. *Cordero,* 92 Cal.App.2d 196 [206 P.2d 665]—

"When a defendant takes the witness stand, he waives the provisions of section 1025 of the Penal Code. [Citing cases.] As long as the prosecutor does not go beyond the fact of the prior convictions and the nature of the prior crimes committed, the questions are proper. (*People* v. *David,* 12 Cal.2d 639 [86 P.2d 811].) This rule applies even though such evidence may tend to prejudice the defendant in the eyes of the jury."

■ Appellant's final contention is that the provisions of section 5501, Welfare and Institutions Code, are mandatory and hence he was denied his right to have a determination of that question prior to sentence. His contention in this regard is sound; however, it does not follow that the judgment of conviction of the substantive offense must be reversed and the cause remanded for a new trial. An identical situation was presented in *People* v. *Hector,* 104 Cal.App.2d 392 [231 P.2d 916]. (See also *People* v. *Barnett,* 27 Cal.2d 649 [166 P.2d 4].) There as in the present case it appeared that that particular section of the code was not brought to the attention of the trial court. On appeal the district court held the section to be mandatory and that hence it must be followed, but the judgment of conviction was reversed only insofar as it committed the defendant directly to imprisonment.

For the reasons above mentioned the order denying defendant's motion for a new trial is affirmed and the cause is remanded to the trial court with directions to suspend sentence in accordance with the provisions of said section 5501 " '. . . for the purpose of hearing and determining whether or not the defendant . . . is a sexual psychopath,' " (27 Cal.2d 649, 659) and upon the conclusion thereof to commit the defendant to the Department of Institutions or to a state prison as may be determined according to the law, and to make such other and further orders as the court may determine to be just and proper.

Van Dyke, P. J., and Schottky, J., concurred.