BUCHBERGER and others, Plaintiffs and Respondents, vs. MOSSER, Defendant and Respondent: WISCONSIN MUTUAL INSURANCE COMPANY, Appellant.

MCCASKEY and others, Plaintiffs and Respondents, vs. SAME.

*October 8—November 8, 1940.*

For the appellant there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold.*

*Royal M. Galvin* of Stevens Point, attorney for the respondents Kathryn McCaskey, Elaine Steinbeck, Aurlie Wendorf, Thomas McCaskey, and Harry Steinbeck, *William F. Krueger* of Wausau, attorney for Alfred Buchberger, Rudy Buchberger, H. A. Lambert, and Maynard Yahr, and *James H. Van Wagenen* of Stevens Point, attorney and guardian *ad litem* for Clifford Mosser.

ROSENBERRY, C. J.   These are companion cases and arose out of an accident which occurred on United States Highway No. 51, three miles north of the city of Stevens Point, on the 7th day of May, 1939, at 9:45 p. m.   The defendant Mosser was driving his automobile in a southerly direction.  He had with him as guests, Kathryn McCaskey, Elaine Steinbeck, and Aurlie Wendorf.  He struck the rear of an automobile proceeding in the same direction, was diverted from his pathway by the collision and collided with an automobile driven by Alfred Buchberger, which was proceeding in a northerly direction.   In the car with Buchberger were three guests, Rudy Buchberger, H. A. Lambert, and Maynard Yahr, all plaintiffs in action No. 58.

These actions were begun on September 15, 1939.  The defendant, Wisconsin Mutual Insurance Company, shortly after the accident, made an investigation, took statements from Clifford Mosser and his mother, Emma Mosser, the owner of the car.  In the statement made by Mrs. Mosser she said that she told Clifford, who she knew was taking the girls to Stevens Point, that he would have to get paid something for the gas.  She stated: "I expected they would all chip together and pay something toward the gas on this trip" to Stevens Point.  At the same time a statement was taken from Clifford in which he stated that he had taken the girls three times and

each time they had paid $1 for the gas. He said: "The price of $1 for the trip was the agreed price and they would always pay that when they got out."

With this information in hand the attorneys for the Insurance Company prepared an answer in each case to be signed by Clifford which contained the following allegation:

"Allege that at the time of the collision as referred to in the plaintiffs' complaint, the defendant Clifford Mosser was using the said automobile for hire and that by virtue of an exclusion in the said policy and by virtue of the fact that the said automobile was being used for hire at the said time, said policy was of no force or effect."

The answer served on behalf of Clifford was signed by the attorneys for the Insurance Company as attorneys for the defendant, Clifford Mosser. Although the action was begun on September 15, 1939, and the answer prepared by the Insurance Company was served October 5, 1939, no guardian *ad litem* was appointed until October 28, 1939, and on December 4, 1939, Dougherty, Arnold & Kivett served notice that they withdrew as attorneys of record for the defendant, Clifford Mosser. The guardian *ad litem* having answered the complaint of each of the plaintiffs in both of the actions for Clifford Mosser, propositions for a settlement of the cases were made in each case; all parties in interest, including the Insurance Company, were given notice pursuant to a petition for an order approving the settlement. In each of the cases Dougherty, Arnold & Kivett were represented by Mr. Suel O. Arnold, who took no part in the proceedings except to state on behalf of the Insurance Company that the company believes the settlement to be unreasonable and excessive.

After hearing the parties, taking testimony as to the reasonableness of the settlements, an order was entered approving the settlements on January 15, 1940.

On December 12, 1939, the Insurance Company served and filed an amended answer in each of the causes of action

in which it denied liability to the plaintiffs on the ground that the defendant, Clifford Mosser, in violation of the terms and conditions of the policy of insurance, to wit, the use of said automobile for hire under the conditions and circumstances involved at the time of the collision described in the complaint. As already stated, the Insurance Company had withdrawn from the action. When the court approved the settlements between the defendant, Clifford Mosser, and the several plaintiffs, the question of the Insurance Company's liability was reserved. The issue with respect to the use of the car for hire at the time of the accident was submitted to the jury. By its verdict the jury found that at the time of the collision on May 7, 1939, the defendant, Clifford Mosser, was not conveying passengers for a consideration or under a share-expense agreement; that Emma Mosser, the owner of the Pontiac car, did not give permission to Clifford Mosser to use the Pontiac car on the evening of May 7, 1939, only upon condition that he enter into a share-expense agreement with the passengers. The jury further found that neither Emma Mosser nor Clifford Mosser concealed any material fact or circumstance surrounding the use of the car at the time and place in question.

Upon this appeal the Insurance Company makes two contentions: First, that the omnibus insured, Clifford Mosser, violated the conditions of the policy by failing to co-operate with the Insurance Company in defense of the action. In the answer of the guardian *ad litem* of Clifford Mosser, the defendant, Clifford Mosser, withdrew the allegations contained in the answer prepared for him by the attorneys for the Insurance Company and admitted that the Insurance Company had issued its policy of insurance to Emma Mosser; and alleged that he was operating the vehicle with her permission and consent and at the time of the collision the policy of insurance was in full force and effect. Upon the trial Emma Mosser and Clifford Mosser testified that they signed the statements taken by the representative of the Insurance Com-

pany upon the representation of the Insurance Company representative that it was necessary to their defense as well as the defense of the Insurance Company. This testimony was denied by the representative of the Insurance Company who took the statement. Upon this issue one Arnold Schielke, who was present at the time of the taking of the statements, supported the testimony of the Mossers. Testimony was also offered and received as to the transactions between Clifford Mosser and the plaintiffs who were riding with him at the time of the accident, and from this it appears that Clifford Mosser was not operating the car for hire on a share-the-expense basis. As already stated, Clifford Mosser verified the answer which also contained a statement with respect to the use of the car for hire.

The Insurance Company contends that the named assured, Emma Mosser, and the omnibus assured, Clifford Mosser, were under a legal duty to notify the attorneys for the Insurance Company of the falsity of the statements before the answers were drafted. We fail to discover in the circumstances of this case any failure of the assured, and named assured to co-operate with the Insurance Company in the defense of the actions. If they are guilty of anything they are guilty of overco-operation. No contention is made that the issue was not fairly submitted to the jury. The contention here is that, in spite of the verdict of the jury, upon the undisputed facts the Insurance Company is not liable because the assured and named assured violated the conditions of the policy which required them to co-operate with the Insurance Company in the defense of any suits which might be instituted. This contention cannot prevail. While it is true the statements were made, the verdict of the jury established that this was done at the request and at the solicitation of the Insurance Company.

So far as consideration of the allegations of the answer is concerned, when the Insurance Company caused the answer to be prepared which Clifford Mosser signed, it already knew

that there was a conflict of interest between it and the Mossers. It nevertheless prepared an answer for Mosser which upon its face showed that there was no liability of the insurer, this although the answering defendant was a minor and no guardian *ad litem* had been appointed and he had received no advice from anyone but the attorneys for the Insurance Company.

If the Insurance Company intended to deny liability under its policy, it should have so informed the defendant and then withdrawn from the cases instead of leading the minor defendant on to sign an answer which if not withdrawn would conclude him upon the trial. Upon the matter coming to the attention of the trial court, the court might very properly upon its own motion, have stricken the answer prepared by the Insurance Company's attorneys for the defendant, Clifford Mosser, from the files. Even if the facts were as claimed by the Insurance Company, its attempt to represent the interests of the infant defendant when there was a clear conflict of interest is inexcusable. In any event, we see no basis upon the uncontradicted facts and the facts as found by the jury upon which the Insurance Company can claim violation of the terms of its policy.

(2) The second contention is that the trial court was in error because it failed to have the amount of the plaintiffs' claims passed upon by a jury. No authority is cited in support of this proposition and we find none. All parties to the settlement were represented by counsel, all minors represented by their guardians *ad litem,* all parties to both actions consented and agreed to the settlement, notice of motion for settlement was given to all parties, including the Insurance Company. The court found that the settlement was fair and reasonable. No one is in a position to complain of the order approving the settlement, least of all the Insurance Company which had withdrawn from the actions and chose to occupy the position of a third party to the proceedings. While its counsel appeared and objected, no issue was raised.

We are asked to hold in this case that wherever settlement is approved, a record must be made which would enable the court to review the proceeding. Where an order is made on stipulation of all the parties to an action, it cannot be appealed because no one is aggrieved. The only ground for review of such a settlement would be that some party was misled by fraud or false representations. That ground would have to be set up in motion papers to set aside the order. We discover no public policy which requires the court which is satisfied of the correctness of stipulated settlement to make a record to enable third parties to criticize it. After the withdrawal of the Insurance Company and the approval of the settlement, the action proceeded as if it was a new action against the Insurance Company by the several plaintiffs and the omnibus insured. While the procedure is rather mixed, it is well within the rules relating to parties in automobile cases.

*By the Court.*—The judgment in each case is affirmed.