Robert E. Kelly, Appellant, v. Jack Winkler et al., Appellees.

Gen. No. 46,011.

Opinion filed June 8, 1953. Released for publication September 16, 1953.

SAMUEL BROYDE, of Chicago, for appellant.

MORTON LEWIS, of Chicago, for appellees; JOHN H. ROSER, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, whose action in tort has been dismissed twice for want of prosecution, appeals from an order sustaining the motion of defendant Rachel Wallace in the nature of a writ of error *coram nobis* to vacate a judgment by default entered against her in the sum of $10,000, directing that leave be given the defendant to answer, that the judgment theretofore entered stand as security to abide the outcome of the case and that the case be set on the trial calendar. The order further recites that the motion is sustained on the ground that the defendant was not personally served with notices of motion to reinstate the above cause when the same was twice dismissed for want of prosecution. The order bears the endorsement "o. ĸ. for plaintiff," by the attorney for the plaintiff in the trial court.

Defendant takes the position that the order having been o. ĸ.'d, it was a consent order and plaintiff cannot appeal. This is undoubtedly the law where an order has been entered by consent. On oral argument plaintiff's counsel insisted that he did not intend to waive the right of appeal, and he later brought to our attention the recent opinion in *People ex rel. Edelman v.*

146

*Hunter,* 350 Ill. App. 75, in which the court permitted an appeal from orders o. k.'d by the appellant. It appears from that opinion that on oral argument the attorneys agreed that the defendants' motion to strike plaintiff's petition for writ of mandamus had been argued by the respective parties before the trial judge and that after such argument the judge gave his decision denying defendants' motion and ordering them to answer; that the order and final judgment were pursuant to this decision. The attorney for defendants stated that he presented the order and judgment appealed from and o. k.'d them in order to obtain a final order upon which to appeal. The court relies on *Nelson v. Nelson,* 340 Ill. App. 463, in which one justice dissented.

 We cannot concur in these decisions. The law is plain that there can be no appeal from a consent judgment. *Paine v. Doughty,* 251 Ill. 396; *Galway v. Galway,* 231 Ill. 217. To permit appeals after a final order has been o. k.'d or approved by the party appealing opens the way to imposition on the trial judge and opposing counsel. If as stated in the *Edelman* case, *supra,* it was the purpose of the attorney to expedite an appeal, an approval of the order as to form would have accomplished all he wanted. Where an order is presented to a trial court with the unqualified approval of the party injured by the order, the court is not as apt to examine the order as carefully as he would if it were presented without such approval. In the instant case we are satisfied that the able and careful trial judge would not have entered the order before us in its present form if he had not believed that it was an agreed order. In addition, opposing counsel may be misled into failing to protect his record by an unqualified approval of a final order by the opposing party.

■ There is another and equally serious objection to permitting lawyers by their oral statements or affidavits in the reviewing court to change or modify the record of the trial court. As the record comes to us in the instant case, and as it came to the reviewing court in the *Edelman* and *Nelson* cases, there was an unqualified endorsement of approval of and consent to the order appealed from. If the record is to be amended by making the approval a qualified approval as to form only, the amendment should be made in the trial court. It cannot be made here. *Freeport Motor Casualty Co. v. Tharp,* 406 Ill. 295.

■ Plaintiff's counsel having o. k.'d the order appealed from, the appeal is dismissed.

We will, however, add that if we were to consider the case on the merits we would affirm the order under authority of *Ellman v. De Ruiter,* 412 Ill. 285.

*Appeal dismissed.*

FRIEND, P. J. and BURKE, J., concur.