Grace M. MATTESON, as surviving exec-
utrix of the Last Will and Testament
of Edward M. Markham, Plaintiff-Ap-
lant,

v.

UNITED STATES of America,
Defendant-Appellee.
No. 112, Docket 24214.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1956.

Decided Dec. 31, 1956.

Wilford A. Le Forestier, Troy, N. Y.
(Draper & Bartle, Troy, N. Y., on the
brief), for plaintiff-appellant.

Charles B. E. Freeman, Atty., Dept. of
Justice, Washington, D. C. (Charles K.
Rice, Asst. Atty. Gen., Lee A. Jackson
and Harry Baum, Attys., Dept. of Jus-
tice, Washington, D. C., and Theodore
F. Bowes, U. S. Atty., N.D.N.Y., Syra-
cuse, N. Y., on the brief), for defendant-
appellee.

Before CLARK, Chief Judge, and
FRANK and LUMBARD, Circuit
Judges.

CLARK, Chief Judge.

Defendant asks us to dismiss as un-
timely this appeal taken by the plaintiff
from the dismissal of her complaint in an
action for the refund of estate taxes.
Plaintiff's notice of appeal was filed 113
days after the judge had filed a memoran-
dum-decision dismissing the complaint,
and 56 days after the entry of a formal
judgment to like effect signed by him at
defendant's request. Under F.R.C.P.,
rule 73(a), her appeal must be taken
within 60 days from judgment. In ac-
cordance with our decisions, reanalyzed
and reappraised by the full court in The
F. & M. Schaefer Brewing Co. v. United
States, 2 Cir., 236 F.2d 889, the appeal
is untimely and must be dismissed. We
find no support in the record for plain-
tiff's contention that Judge Foley's fail-
ure to append his signature to the mem-
orandum-decision showed his intent to
delay judgment; we have no basis for
judicial notice of so odd a method of
signifying intent and in any event do
not feel that the clear provisions of F.R.
58 can be limited or varied by such sub-
jective reactions of the trier.

We would stop here but that a dis-
tinguished Court of Appeals has now
viewed our Schaefer holding as depend-
ent on a local district court rule and
has rendered a decision which it states
not to be in accord with the language of
our opinion to the extent that the latter
may apply even where no such local rule

exists. United States v. Higginson, 1 Cir., 238 F.2d 439. Since we viewed the local rule as merely corroborative of the practice actually required by F.R. 58, Judge Hartigan's opinion must be taken as disapproving our reasoning. True, there is room for distinction on the facts so far as disclosed; unlike our present case, which is an outright dismissal of the complaint, the lower court adjudication there was for recovery of a very substantial sum of money with interest which (so far as the slip opinion shows) was not shown in the judge's first direction. Moreover, as we have pointed out, the issue always turns on the trial judge's declared intent as to the judgment; and where he has not made that clear, some interpretation is necessary.[1] But what points up our difference of view is that we do not think the trial judge's original statement is subject to reassessment and definition on the basis of his having later signed a formal judgment presented to him by counsel, whereas our brothers of the First Circuit conclude that his later action demonstrates that his first action was not intended to be a final adjudication. We think that this formulation of the governing rule will have untoward results in practice which have apparently not been contemplated so far as appears from the rather summary discussion in United States v. Higginson, supra.

We suggest that if a district judge makes a practice of signing formal judgments later presented to him by counsel there will necessarily result a nullification of the mandate of F.R. 58 that when "the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction." Nor can we seriously doubt that this is contrary to the intent of the

rule; for the Advisory Committee has been articulate in showing that in its recommendations to the Supreme Court it has continuously pressed for rules requiring prompt entry of judgments without that delay which is occasioned by awaiting the action of counsel. This is made clear in the Committee Notes cited and discussed in some detail in the Schaefer opinion. It seems probable that most trial judges respect the spirit of the rules and attempt to make their directions clear and free of ambiguity; but both experience and the reported cases show that a certain number (increasingly fewer, we venture to believe) do not. We state this without attempting to assess blame upon either the counsel who presents or the judge who signs the later form from which all the confusion arises; the strong state practice to the contrary, the tendency of many attorneys to overlook or neglect details of federal practice, the natural willingness of judges pressed ex parte "to expedite the appeal"—all tend that way; and the only remedy seems to be increased knowledge of a different federal practice consistently applied. But if a trial judge, whether through misunderstanding or carelessness, can pervert the rule's intent in a decision sure to be more extensively reported and publicized than the mere complying rulings, the resulting patchwork will make it difficult to know just when, in appellate eyes, a litigant has a judgment.

We regret that our brothers have not given us the benefit of their views on these practical aspects of the problem, particularly as we had read their earlier cases as in accord with our views. In addition to this problem we have just stated of varying applications of what seem to us rather clear directions from the rule makers, we suggest two consid-

---

[1]. There seems no basis for doubt here. At the end of Judge Foley's four-page reasoned "Memorandum-Decision" he says: "As my findings of fact, I adopt the agreed facts stipulated. My conclusion is that, the plaintiff is not entitled to recover, the complaint is dismissed and a judgment to such effect may enter for the defendant." And the docket entry as of the date filed was: "Filed Memorandum-Decision—Judge Foley—dismissing complaint and judgment to such effect may enter for the defendant."

erations of the utmost practical importance. One is that in these days of unusual public interest in and criticism of the law's delays we can think of nothing more deserving of criticism than so bootless a delay as that of the two months here involved (or the substantially longer periods perhaps even more usual) while winning counsel are formally verbalizing a result already reached and announced. And the other is that in practice the delaying rule results in the court yielding to counsel its own culminating responsibility for the fashioning of the ultimate judgment and accepting the normal excess of detail supplied by zealous advocates in their natural desire to press home all conceivable *ad hoc* advantages from the judgment. The only reason we have noted in support of such a rule (beyond counsel's impermissible desire to control the judgment) is that it may follow a perhaps more familiar state practice and thus avoid loss of appellate rights through inadvertence. But even if it be assumed that appellate rules should be adjusted to accommodate carelessness, at cost of the serious losses in effective court procedure noted above, the result thus desired will not be achieved except spasmodically and hence in a discriminatory fashion. For the local procedures in various areas of even a single circuit are too great to permit of devising a rule familiar to all, and thus desirable federal expedition and uniformity may be easily sacrificed without real gain. We still feel, therefore, that the rule planned by the Advisory Committee and adopted by the Supreme Court states the orderly course which we should require. The "just, speedy, and inexpensive determination of every action," F.R. 1, is not to be achieved if courts abdicate to counsel the responsibility for advancing the action to its ultimate conclusion.

To make not wholly fruitless the earnest presentation on the merits by counsel, perhaps somewhat decoyed by defendant's submission of the formal judgment, we say that examination of Judge Foley's careful analysis of the law and relevant decisions, state and federal, discloses no sound basis for upsetting his conclusions. Plaintiff's claim seems doomed to fail in any event.