**BEACON FEDERAL SAVINGS & LOAN
ASSOCIATION, Plaintiff-Appellant,**

v.

**FEDERAL HOME LOAN BANK BOARD,
Defendant-Appellee.**

No. 12475.

United States Court of Appeals
Seventh Circuit.

May 6, 1959.

Rehearing Denied June 2, 1959.

Ray T. McCann, Milwaukee, Wis., Horace Russell, Chicago, Ill., Richard A. McDermott, Milwaukee, Wis., Cummings, Sellers, Reeves & Conner, Washington, D. C., of counsel, for appellant.

Mose Silverman, Ray E. Dougherty, Federal Home Loan Bank Board, Wash-

ington, D. C., Thomas H. Creighton, Jr., General Counsel, Albion W. Fenderson, George W. Murphy, Jr., Attorneys, Federal Home Loan Bank Board, Washington, D. C., of counsel, for appellee.

Before SCHNACKENBERG, HASTINGS and PARKINSON, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This action was brought by Beacon Federal Savings and Loan Association, herein called Beacon, to review orders of Federal Home Loan Bank Board, herein called the Board, appointing a supervisory agent for Beacon and to test the constitutionality of those orders. Beacon based its action on certain provisions of the Home Owners' Loan Act of 1933 as amended (12 U.S.C.A. § 1464(d)(2)) and § 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009). Each party made a motion for summary judgment. That of Beacon was denied; that of the Board was granted.[1]

On June 9, 1958, the court signed its "Order for Judgment", which was entered in the civil docket on the same day. The Order for Judgment provided:

" * * * the Court, on the 28th day of May, 1958, having filed its opinion in this cause directing that an order for judgment be entered dismissing the action on its merits, it is

"Ordered, pursuant to said opinion, that plaintiff's cross-motion for summary judgment be and the same is hereby denied, and it is further

"Ordered, that defendant's motion for summary judgment dismissing the within action on its merits be and the same hereby is granted and that judgment be entered accordingly together with such costs as the defendant may be entitled to receive of the plaintiff."

On July 10, 1958, Beacon filed in the district court a motion, supported by petition, for the allowance of attorneys' fees and disbursements as prayed for in said petition. On August 28, 1958, that court filed its opinion saying *inter alia*:

"The court is not convinced that it has power to grant the prayer of the petition. However, even if the court has that power, it does not feel that this is a proper case for the court to exercise it. There is no fund being administered by the court, and the services of the attorneys did not enhance the funds of the association or preserve or protect such funds. It is only in an exceptional case where attorney fees should be ordered by the court to the unsuccessful litigant.

\*   \*   \*   \*   \*   \*

"Plaintiff's petition is hereby denied without prejudice to the right of the plaintiff or the attorneys in question to make such a claim and take such action as they believe they are entitled to against anyone that they believe indebted to them on account of attorney fees and disbursements."

On September 3, 1958, the *clerk* of the court entered an order, as follows:

"Judgment.

The Court having heretofore, on the 9th day of June, 1958, entered its order in accordance with the opinion filed on the 28th day of May, 1958, directing that judgment be entered in favor of the defendant.

"Now on motion of the attorneys for the defendant,

"It Is Adjudged And Decreed that the complaint herein be dismissed upon its merits.

"Dated this 3rd day of September, 1958.
  "Entered:
    Dale E. Ihlenfeldt,
    Clerk, U.S. District Court."

On September 19, 1958, Beacon filed a notice of appeal reading, as follows:

---

1. The district court's opinion appears at 162 F.Supp. 350.

"Notice of Appeal.

"Notice is hereby given that Beacon Federal Savings and Loan Association, plaintiff above named, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment entered in this action on the 3rd day of September, 1958, and from the whole thereof, and from intermediate orders therein adverse to plaintiff, including the order herein dated and entered August 28, 1958, which denied without prejudice plaintiff's petition for an order for allowance of attorneys' fees and disbursements incurred on its behalf in connection with its seizure by the defendant, Federal Home Loan Bank Board, the appointment of a Supervisory Representative, administrative hearings before the defendant subsequent to the seizure consummating in the appointment of a Conservator, and in reference to the within action brought to review the findings and order of defendant, Federal Home Loan Bank Board.

"Dated September 4, 1958."

We have before us for disposition a motion by the Board to dismiss this appeal, "on the ground that the notice of appeal was not filed within sixty days from the date of the entry of the judgment appealed from, as more fully appears from the record herein and particularly from the Order for Judgment of the District Court, dated June 9, 1958, and the entries made in the civil docket of the District Court."

Under rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. rule 73 (a), notice of appeal was required to be filed within 60 days after the "entry of the judgment". The question presented by the Board's motion to dismiss the appeal is whether the sixty-day period commenced to run on June 9, 1958, or on September 3, 1958. If June 9, 1958 is the controlling date, then the notice of appeal was not timely filed and the appeal should be dismissed.

When the language of an opinion or order embodies the essential elements of a judgment, clearly evidences the judge's intention that it shall be his final act in the case, requires the clerk to enter judgment accordingly, and the clerk makes a notation in the civil docket showing the substance of the judgment of the court, then all the elements are present to show that the opinion or order is the final judgment and time to appeal commences to run from the date of its entry. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721. The subsequent entry by the clerk of a formal judgment does not extend the time within which an appeal must be taken.

The order signed by the court and entered in its civil docket on June 9, 1958, embodies the essential elements of a judgment and finally disposed of the action on the merits. After its signing by the judge and its entry in the civil docket nothing remained to be done. No order subsequently entered by the court purported to alter this fact, even if the court had authority to do so. The parties cannot by their actions extend the time within which an appeal must be taken. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842; United States ex rel. Lutz v. Ragen, 7 Cir., 171 F.2d 788, and Marten v. Hess, 6 Cir., 176 F.2d 834. Accordingly, the proceedings subsequently commenced by Beacon to have fees allowed had no effect on the time in which an appeal was required to be taken from the order of June 9, 1958.

As to the merits of the case (exclusive of the matter of Beacon's motion for an allowance of fees and expenses), the appeal by Beacon was not timely and is dismissed, at Beacon's costs.

In view of our disposition of this appeal on the motion to dismiss we are not required to consider the case on the merits. However, we think it proper to point out that precisely the same question on the merits was determined favorably to appellant, Federal Home Loan Bank

Board, by the Third Circuit on December 30, 1958 in the case of Greater Delaware Valley Federal Savings and Loan Association v. Federal Home Loan Bank Board, 262 F.2d 371. The decision in that case cites with approval the opinion of the district court in the instant case reported at 162 F.Supp. 350. If called upon to do so, we would approve this holding by the Third Circuit.

As to the appeal of Beacon from the order denying an allowance of fees and expenses, we are in accord with the reasons given by the district court for that action. No statute authorizes such an allowance. No principle of equity supports such action. The district court's action in that regard is affirmed. Costs will be taxed against Beacon.

Affirmed in part; appeal in part dismissed.