SARAH DANZIG and ROBERT L. DANZIG

v.

THE VIRGIN ISLE HOTEL, INC.,
Appellant

No. 13,252

United States Court of Appeals

Third Circuit

Argued May 3, 1960
Decided May 20, 1960

*See, also, 278 F.2d 580*

---

WILLIAM W. BAILEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

BLUM, JOLLES, GRUBER, SZABAD & GERSEN, New York City, *for appellees*

Before KALODNER, HASTIE, and FORMAN, *Circuit Judges*

PER CURIAM

This appeal from a judgment of the District Court of the Virgin Islands is before us on appellees' motion to docket and dismiss the appeal on the ground that notice of appeal was not filed, as required by Rule 73(a), Federal Rules of Civil Procedure (5 V.I.C. App. I, 28 U.S.C. App.), within "30 days from the entry of the judgment appealed from".

The action below presented claims of Sarah Danzig and Robert L. Danzig for negligent injury. It was tried to a jury. On December 4, 1959, the jury returned verdicts of $22,000 and $5,000 for the plaintiffs respectively. Thereupon the clerk of the court made docket entries as follows:

"December 4 — Verdict of Jury in favor of Plaintiff, Sarah Danzig, filed for $22,000.00.

"December 4 — Verdict of Jury in favor of Plaintiff, Robert L. Danzig, filed for $5,000.00"

No other action seems to have been taken by the clerk or by the court at that time.

■ The principal claims included demands for attorneys' fees which, under sections 541 and 543 of Title 5 of the Virgin Islands Code, may be allowed and taxed against the losing party as part of costs. Accordingly, sometime after the verdict the court determined that the defendant should pay the plaintiffs $2,500. as attorneys' fees and signed a formal judgment for both the amount of the verdicts and the additional sums, including attorneys' fees, payable for costs. This is reflected by the following docket entry:

"February 29 — Judgment for Plaintiff, Sarah Danzig, in the sum of $22,000.00 and for Plaintiff, Robert L. Danzig, in the sum of $5,000.00, together with costs in the sum of $1,121.94 and attorneys' fees in the sum of $2,500.00, signed by Judge Walter A. Gordon."

This appeal was taken within thirty days after the above entry and is, therefore, in appellant's view timely. However, appellees seek dismissal of the appeal on the theory that the entry of the verdicts in the docket on December 4th constituted an entry of judgment and began the running of the thirty day period within which appeal must be taken.

■ Color is lent to appellees' argument by the provision of Rule 58 (Fed. Rules Civ. Proc., 5 V.I.C. App. I, 28 U.S.C. App.) that "unless the court otherwise directs . . ., judgment upon the verdict of the jury shall be entered forthwith by the clerk", and the companion provision of that rule that "entry of the judgment shall not be delayed for the taxing of costs". We agree that, absent any direction to the contrary from the court, it is the duty of the clerk to enter judgment forthwith on such a verdict as we have here. The postponement of judgment until after the amount of costs can be determined is contrary to the letter and purpose of Rule 58. Clerks of the district courts should adhere strictly to this rule.

■ However, in the circumstances of this case we cannot treat as done what (assuming the court gave no direction to the contrary) should have been done. In a case indistinguishable on its facts from the present case, in that there had been a verdict followed by a notation on the docket that the verdict had been filed, this court held that no judgment had been entered. McAlister v. C. J. Dick Towing Co., 1949, 175 F.2d 652; accord, Brown v. United States, 8th Cir. 1955, 225 F.2d 861; *cf.* In re D'arcy, 3d Cir. 1944, 142 F.2d 313. There is sound reason for this holding. Since the running of time for motions after judgment and for appeal begins from the entry of judgment, such entry, though not necessarily in any particular forms of words, should be unambiguous on its face so that counsel or a party consulting the docket will

have no reasonable basis for doubt as to the nature and effect of what has been done or as to the timeliness of further proceedings.

In the present case counsel for appellant had no reason to believe and no means of anticipating that what occurred on December 4th was likely to be characterized as an entry of judgment. No such indication can be obtained from the language of the entry itself. The trial court obviously did not consider the entry made on December 4th as a judgment since a formal judgment was signed and entered much later. Moreover, since the clerk, who is required by Rule 77(d) (Fed. Rules Civ. Proc., 5 V.I.C. App. I, 28 U.S.C. App.) to notify the parties of the entry of the judgment, apparently gave no notice of the December 4th entry, he too seems to have regarded that entry as no more than the formal recording of a verdict which it purported to be. It would be an unfair entrapment of a party to require him to understand and treat as a judgment an entry which was not so intended and did not so appear.

The motion to dismiss the appeal is hereby denied.