[Civ. No. 26506.   Second Dist., Div. Four.   Feb. 26, 1963.]

FRANCES TRACY, Plaintiff and Appellant, v. FRANCIS FREDERICK TRACY, Defendant and Respondent.

Merrill Albert for Plaintiff and Appellant.

William Ray Schirmer and A. F. Weltner for Defendant and Respondent.

BURKE, P. J.—This is an appeal from an interlocutory decree of divorce but errors laid to the trial court go to the exercise of its discretion in denying plaintiff-appellant's motion for a new trial.

Plaintiff wife brought an action for divorce and defendant husband filed a cross-complaint seeking like relief. When the matter came on for trial counsel for the parties met with the judge in chambers, after which stipulations were placed of record to give wife 60 per cent of the real property and all household furnishings, the husband to receive 40 per cent, and a 1952 Cadillac automobile. They also agreed on the

amount of support payments to be provided by defendant. Defendant agreed individually and through counsel to the stipulated property settlement, to custody of the minor children of the parties being awarded to plaintiff, and that he would not introduce evidence on his own behalf on the issue of divorce. Findings of fact were waived. Plaintiff put on her evidence and an interlocutory decree of divorce was entered in her favor. With respect to the property settlement plaintiff was asked the following question by her counsel: "Q. You heard the stipulation entered into between the attorneys for yourself and your husband, and that is satisfactory to you, is that right? A Yes."

On October 18, 1961, plaintiff filed a notice of substitution of attorneys and concurrently therewith a notice of intention to move the court to vacate and set aside the judgment and to grant a new trial. The asserted grounds for this motion were (1) accident or surprise which ordinary prudence could not have guarded against (Code Civ. Proc., § 657, subd. 3), (2) newly discovered evidence material for the party making the application, which she could not with reasonable diligence have discovered and produced at the trial (Code. Civ. Proc., § 657, subd. 4), and (3) insufficiency of the evidence to justify the decision (Code Civ. Proc., § 657, subd. 6).

The above motion was accompanied by the affidavit of plaintiff made pursuant to section 658, Code of Civil Procedure, in which she stated (1) that subsequent to the trial of this matter she first obtained a statement of defendant's earnings as a school teacher which consisted of a salary warrant stub showing salary and deductions and dated February 26, 1960; (2) that she first learned that a monthly deduction was made from said salary for a contribution to defendant's retirement fund and this fact was not disclosed by defendant to her; (3) that this information was not revealed to the trial judge, and her former counsel did not make this information available to the court; (4) that certain information relevant to loan funds received by defendant, known to her former counsel, was not made available to the trial judge; (5) that the former counsel had been requested to obtain all facts pertinent to said loan, had agreed but failed to do so, and (6) "that affiant agreed to the stipulation regarding the division of community property, entered in the minutes at the hearing of September 11, 1961, without due consideration, advice or counsel and purely upon accident and surprise."

Defendant filed his affidavit in opposition to the above motion and therein stated that stubs from salary warrants revealing the deductions were accessible to plaintiff at all times during the six-year duration of his employment and that plaintiff and defendant had in the past discussed these contributions made to the California State Teacher's Retirement System. He averred on information and belief that the stub attached to plaintiff's affidavit had been in plaintiff's possession since March 1st or 2d, 1960, a period of more than 18 months prior to the trial of the action. He stated further that the questioned loan was obtained for and used to defray living expenses of the family; that the subject of the loan was fully explored at a hearing on an order to show cause heard January 30, 1961.

Counsel for defendant also filed an affidavit opposing the motion for new trial and supporting defendant's position.

Plaintiff presents the following issues on appeal: (1) Did the trial court abuse its discretion in refusing to grant a new trial and (2) is the judgment of divorce and the division of property as set forth therein supported by the evidence?

██ Factual conflicts in the affidavits must be resolved in favor of the prevailing party below. ██ Averments on information and belief contained therein are considered hearsay and must be disregarded. (*Riviello* v. *Journeyman Barbers etc. Union,* 88 Cal.App.2d 499, 503 [199 P.2d 400]; *Smith* v. *Schwartz,* 14 Cal.App.2d 160, 167 [57 P.2d 1386].) With these rules in mind the following appears: In marshalling assets for presentation to the court and upon which the stipulated property settlement is based, defendant did not list as a community asset contributions to the California State Teacher's Retirement System; defendant had in the past discussed these contributions with plaintiff and information concerning them was readily available to plaintiff or her counsel upon minimum inquiry. Questions respecting the alleged loan need not be considered because it affirmatively appears the parties were aware of it when the stipulation was entered into; it had become a matter of record in the case and was available for the trial court's consideration.

Thus analyzed, this question is presented: When the parties to a divorce proceeding enter into a stipulated property settlement and the husband does not bring to the wife's attention retirement contributions known to the wife, is it an abuse of the court's discretion to refuse a new trial when the wife remembers this asset after entry of judgment? ██ The

recent case, *Zinke* v. *Zinke Rebottoming Shoe Co., Inc.,* 208 Cal.App.2d 690, 694-695 [25 Cal.Rptr. 360], citing *Brooms* v. *Brooms,* 151 Cal.App.2d 351, 352 [311 P.2d 567], states: " ' "It is an elementary and fundamental rule of appellate procedure that a judgment or order will not be disturbed on appeal prosecuted by a party who consented to it." . . . A stipulation is a consent within the meaning of this rule.' "

In considering the husband's duty of disclosure with respect to property settlement agreements, the Supreme Court has said, "In short, a husband, by reason of the marital relation, is bound in his dealings with his wife to the highest and best of good faith and as a consequence is obligated in such dealings not to obtain and retain any advantage over her resulting from concealment or adverse pressure, and he must, if he would avoid the presumption of undue influence emanating from the procurement of any advantage over her, make full and fair disclosure to her of all that she should know for her benefit and protection concerning the nature and effect of the transaction, *or else he must deal with her at arm's length and as he would with a stranger, all the while giving her the opportunity of independent advice* as to her rights in the premises." (*Estate of Cover,* 188 Cal. 133, 144 [204 P. 583] ; quoted and emphasis added in *Collins* v. *Collins,* 48 Cal.2d 325, 330 [309 P.2d 420].) In the case at bar, it appears that the parties were dealing at arm's length. The wife had independent advice; all negotiations were had in her presence or in the presence of her counsel. Counsel for the parties met in chambers to discuss the matter on the day scheduled for trial on the wife's complaint for divorce and the husband's cross-complaint for like relief. The husband made no representations upon which the wife might rely as an inducement to continue the fiduciary relationship. (*Vai* v. *Bank of America,* 56 Cal.2d 329, 335-336 [15 Cal.Rptr. 71, 364 P.2d 247], distinguishing *Collins* v. *Collins, supra,* 48 Cal.2d 325.) The husband has given the wife every opportunity to deal at arm's length. Thus, where the confidential relationship of husband and wife no longer exists, "neither spouse owes to the other the duty of disclosure which he or she would owe if their relation remained in fact a confidential one." (*Collins* v. *Collins, supra,* 48 Cal.2d 325, 331.) Under these circumstances, "The decision of plaintiff's attorneys to accept defendant's proposal [here the stipulated agreement] without a contest, although now claimed to have been ill-ad-

vised and unfair to her, was her decision and she is bound thereby. . . . It is a long recognized rule that such settlements between husband and wife (of course in the absence of fraud) are highly favored in the law. [Citations.]'' *Collins* v. *Collins, supra,* 48 Cal.2d 325, 330-331.)

It appears that separate property of the husband in approximately the amount of the retirement contributions was divided between him and the wife pursuant to the stipulation. The only contention of the wife respecting this alleged separate property is that it might, upon retrial of the issue, be found by the trier to have become community property by gift. This contention has no support in the record and need not be considered. In summary, the stipulated settlement, bargained for at arm's length, is fair and equitable. (*Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728].)

To grant a new trial upon discovery of newly found evidence, a different result must be probable on retrial of the cause; it must appear such evidence could not have been discovered through reasonable diligence and produced at the first trial. (Code Civ. Proc., § 657, subd., 4; *Singh* v. *Frye,* 177 Cal. App.2d 590, 594 [2 Cal.Rptr. 372] ; *Celli* v. *French,* 107 Cal. App.2d 599, 603 [237 P.2d 536].) ▉ Since it appears that this evidence was readily available upon minimum inquiry, was probably within personal knowledge of plaintiff, and unlikely to produce a different result, the motion was properly denied.

▉ Plaintiff also argues that there is no evidence to support the division of community property ordered in the interlocutory judgement. Since the division was by stipulation of the parties freely entered into upon the advice of counsel, no issue as to property remained and no evidence thereon was either proper or necessary.

The judgment is affirmed.

Jefferson, J., and Bishop, J. pro tem.,* concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council,