Maurice R. GRAVEL, a/k/a Mike Gravel, Appellant,

v.

ALASKAN VILLAGE, INC., a corporation, Glenn J. Pratt, Cecil H. Metcalfe, Robert Carlson, J. Kayler Gaylor, as individuals and as representatives of Alaskan Village, Inc., Appellees.

No. 650.

Supreme Court of Alaska.

Jan. 25, 1966.

judgments granted to Northern Commercial Company and The Employer's Liability Assurance Corp., Ltd.

Edgar Paul Boyko, Boyko & Tulin, Anchorage, for appellant.

W. C. Arnold, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

On August 10, 1965 appellant filed a notice of appeal "from the judgment of dismissal of plaintiff's (appellant's) complaint with prejudice and from the whole thereof, which said judgment was entered on the docket of this Court on July 28, 1965." Appellee has moved to dismiss the appeal on two grounds: (1) that the notice of appeal was not timely filed, and (2) that this action was settled and dismissed by consent of the parties and that a consent judgment is not subject to appellate review.

*Timeliness of Appeal.*

In proceedings in the superior court on January 12, 1965 it was agreed by the parties, with the court's approval, that appellant would dismiss with prejudice his complaint against appellees, ·that appellees would dismiss with prejudice their counterclaim against appellant, and that a transcript of the proceedings would constitute a settlement of the case. The court stated that the transcript would be prepared and filed at the expense of the state. It was on this day that the following docket entry was made:

> Hearing Re: Settlement & M.O. Dismissing Case (Crt Dismisses case & counter-claim; Crt orders transcript of these proceedings of this date t/b final settlemtnt [*sic*] document w/cost t/b paid by State CASE CLOSED C7/256.

On April 6, 1965 the transcript was filed and the following docket entry was made:

> Filed Transcript Request Order (1–12–65 Hrng Re: Settlement & M.O. Dismissing Case (b/half Judge Ralph E. Moody b/AP) Filed Transcript of Hearing Re: Settlemtnt [*sic*] & M.O. Dismissing Case.

Although neither docket entry states in so many words that a judgment was entered, both entries reflect what was clearly intended by the court and the parties on January 12, that is, that the agreement for settlement stipulated to by appellant and appellees was to constitute a final disposition of the litigation. It is that

intent that governs,[1] and therefore a final judgment dismissing the complaint and counterclaim with prejudice was entered either on January 12, 1965, when the parties agreed to the dismissal, or at the latest on April 6, 1965 when a transcript of the January 12 proceedings was filed in accordance with the agreement made by the parties. It is unnecessary for us to decide which of the two dates govern, because in either case the notice of appeal, not being filed until August 10, 1965, was too late.[2]

■ We are aware of the fact. that on July 28, 1965, the date that the court signed an order denying appellant's motion to vacate the judgment of dismissal of appellant's complaint, that the clerk of the superior court made the following docket entry:

> Judgment of Dismissal of plaintiff's complaint and defendants' counter-claims with prejudice.

This action by the clerk does not mean that on July 28 there was entered a judgment of dismissal from which an appeal could be taken, as appellant contends it does. The court proceedings of July 28 do not show that the judge intended to finally dispose of the case on that date, rather than on January 12 when the parties agreed on a settlement of the case or on April 6, 1965 when the transcript of the January 12 proceedings was filed. The July 28 entry by the clerk was made without any order or direction of the court, and it did not correctly reflect what occurred on that date. It was an erroneous entry made without authority and did not constitute the entry of a judgment.

The only judgment [3] that was effectively entered on July 28, 1965 was that which denied appellant's motion to vacate the judgment of dismissal of appellant's complaint. As to such denial of the motion to vacate, the appeal was timely because it was taken on August 10, 1965, which was less than 30 days from July 28, 1965. It is true that the notice of appeal specifies that the appeal is taken from "the judgment of dismissal of plaintiff's complaint with prejudice", rather than from the order denying the motion to vacate the judgment of dismissal. But it seems clear that appellant intended to also appeal from the order denying the motion to vacate because in his statement of points on appeal he specifies as error the action of the court in denying such motion.

■ The concurring opinion of our colleague, Justice Rabinowitz, suggests that existing uncertainties in the area of entry of judgments would be decreased if we were to amend Civil Rule 58 in the manner that the United States Supreme Court has amended Rule 58, Federal Rules of Civil Procedure. Whether that is so or not, we do not know. We believe, however, that even under an amended rule it would have to be recognized that situations may arise where, as here, the court and all the parties intend that certain proceedings in court shall constitute a final disposition of litigation, and where it would be unjust to go back and enforce the literal wording of the rule after the parties had acted in reliance upon what they thought was a settlement of the dispute. In such a situation, regardless of the particular wording of the rule, we might be obliged to recall that

> thirty (30) days from the entry of the judgment appealed from * * *.
> Radich v. Fairbanks Builders, Inc., 399 P.2d 215 (Alaska 1965); Vogt v. Winbauer, 376 P.2d 1007 (Alaska 1962).

1. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232–233, 78 S.Ct. 674, 2 L.Ed.2d 721, 726 (1958); In re Mountain View Pub. Util. Dist. No. 1, 359 P.2d 951, 954 (Alaska 1961).

2. Supreme Ct.R. 7(a) provides in part: The time within which an appeal may be taken to the supreme court shall be

3. Civ.R. 54(a) provides: Judgment as used in these rules includes a decree and any order from which an appeal lies.

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.[4]

All that we do here is to refuse to enforce the literal reading of Civil Rule 58 that "[t]he notation of a judgment in the civil docket as provided by Rule 74 constitutes the entry of the judgment; and the judgment is not effective before such entry", when the parties themselves, with the concurrence of the court, had made it abundantly clear that they considered the January 12, 1965 proceedings in court as constituting a final and complete settlement of the litigation. There can be no doubt that this was the appellant's understanding, as can be seen from the following excerpts from the transcript of the proceedings on January 12:

> MR. GRAVEL: Your Honor, would it be possible that the entire transcript of today's proceedings winding up with the last statements of Your Honor be the settlement in question?
>
> THE COURT: Well,—
>
> MR. TULIN: I agree.
>
> THE COURT: What was that?
>
> MR. GRAVEL: I agree, Your Honor.
>
> THE COURT: To the—just the last statement of the Court relative to what the understanding of the parties was and the parties consent to it? Of course, the parties can always order a transcript of—
>
> MR. GRAVEL: I think it wouldn't be unreasonable, Your Honor,—

> THE COURT: It's always—
>
> MR. GRAVEL: (Continuing)—if it's all right with Mr. Arnold, that the entire document be considered a settlement, and the showing of the final agreement at the end, I think, will be adequate.
>
> MR. ARNOLD: Well, I haven't any objection to that. I'm wondering who is going to pay for it.
>
> MR. GRAVEL: May I inquire what we're talking about—it costs. I've incurred a great deal of costs this weekend.
>
> THE COURT: Well, I'll tell you, the Court will order it filed at the Court's expense.
>
> MR. ARNOLD: Thank you, Your Honor.
>
> MR. GRAVEL: Thank you, Your Honor, for your indulgence.

■ To the extent that it relates to the dismissal of appellant's complaint, the appeal must be dismissed because it was not timely. It is also subject to dismissal because appellant consented to the entry of a judgment dismissing his complaint, and a consent judgment, under the generally accepted rule, is not subject to appellate review.[5] It is true that there are exceptions to the rule, such as where there is lack of consent to the judgment or lack of jurisdiction over the subject matter, or where the judgment was obtained by fraud, collusion or mistake.[6] But in those instances the remedy of a party is to first seek relief from the judgment in the trial court by motion under Civil Rule 60(b).[7] If such relief

---

4. Civ.R. 94.

5. Hibernia Sav. & Loan Soc'y v. Waymire, 152 Cal. 286, 92 P. 645 (1907); Tracy v. Tracy, 213 Cal.App.2d 359, 28 Cal.Rptr. 815, 817 (Dist.Ct.App.1963); Kelly v. Winkler, 351 Ill.App. 145, 114 N.E.2d 335 (1953); Washington Asphalt Co. v. Harold Kaeser Co., 51 Wash.2d 89, 316 P.2d 126, 127, 69 A.L.R.2d 752 (1957); Annot., 69 A.L.R.2d 755, 767–85 (1960).

6. Washington Asphalt Co. v. Harold Kaeser Co., supra note 3; Annot., 69 A.L.R. 2d 755, 786 (1960).

7. Civ.R. 60(b) provides in part as follows:

> *Mistakes — Inadvertence — Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative

is denied, then an appeal may be taken to this court from the order of denial of the motion.[8]

Appellees' motion to dismiss the appeal is granted and the appeal is dismissed to the extent that it relates to the consent judgment dismissing appellant's complaint and appellees' counterclaim with prejudice. The motion to dismiss is denied to the extent that the appeal relates to the order of July 28, 1965 denying appellant's motion to vacate the judgment of dismissal.

RABINOWITZ, Justice (concurring).

On three prior occasions this court has had the opportunity to construe Civ.R. 58.[1]

In Vogt v. Winbauer,[2] after a trial by jury, the following notation was made in the civil docket of the superior court:

Enter Judgment on Jury Verdict #1— in favor of Pltf [appellee] in amt of $34,492.00—pursuant to rule 58, civil procedure per Courts [sic] Instruction.

Under the provisions of Civ.R. 58, and in light of the docket entry, this court held that the "thirty-day period within which notice of appeal had to be given * * * commenced to run on * * * the date upon which the judgment upon the verdict was noted by the clerk in the civil docket."[3]

The case of McCoy v. Alaska Brick Co.[4] involved an issue as to the timeliness of a

from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

8. Friedman v. Friedman, 307 Ky. 439, 211 S.W.2d 403 (1948); King v. Taylor, 188 N.C. 450, 124 S.E. 751 (1924); Buchberger v. Mosser, 236 Wis. 70, 294 N.W. 492, 495 (1940); Annot., 69 A.L.R.2d 755, 808 (1960).

1. Civ.R. 58 provides:

*ENTRY OF JUDGMENT.*

Unless the court otherwise directs and subject to the provisions of Rule

54(b), judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to interrogatories returned by a jury pursuant to Rule 49. When the court directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk. The notation of a judgment in the civil docket as provided by Rule 74 constitutes the entry of the judgment; and the judgment is not effective before such entry. In all cases the notation of the judgment in the civil docket shall be made at the earliest practicable time. The entry of the judgment shall not be delayed for the taxing of costs, but a blank space may be left in the form of judgment for insertion of costs by the clerk after they have been taxed.

2. 376 P.2d 1007, 1008–1009 (Alaska 1962).

3. Supreme Ct.R. 7(a) provides, as to time, that an appeal shall be taken within "thirty (30) days from the entry of the judgment appealed from." Note: Civ.R. 54(a) provides in part:

Judgment as used in these rules includes a decree and any order from which an appeal lies.

4. 389 P.2d 1009, 1010–1011 (Alaska 1964).

motion for judgment notwithstanding the verdict.[5] After the jury had returned its verdict the clerk made the following notation:

> Filed Verdict #1 pltf recover from deft. $10,400.00.

Some six days later a formal judgment was filed. At this time the clerk made the notation "Filed Judgment" in the civil docket.[6] It was held that

> In this case the clerk's * * * notation 'Filed Verdict #1 * * *' was a notation that ? verdict was returned and filed. It was not a notation of a judgment, for the reason that it said nothing about a judgment. Judgment was not entered until the clerk made the notation in the docket 'Filed Judgment' on November 15, 1962. The 10-day period for moving for judgment notwithstanding the verdict started running from that date.[7]

Prior to the case at bar, the only instance in which this court was called upon to construe Civ.R. 58 in a nonjury case occurred in In re Mountain View Public Util. Dist. No. 1.[8] In its opinion this court wrote:

> Wood's appeal was taken from the March 4, 1960 order denying the motion for reconsideration, and the receiver argues that this was not a 'judgment' from which an appeal could be taken under Rule 6. That is the generally accepted doctrine. *The appeal ought to have been taken from the memorandum opinion of February 19, 1960 which, although not formally a judgment and so labeled, will be considered as such here because it clearly evidences the judge's intent to presently and finally dispose of the motion to void the receivership.* (Emphasis furnished.) [9]

This was the state of our precedents until the decision in the case at bar. I have doubts as to whether today's opinion will clarify for the practitioner questions aris-

---

5. Civ.R. 50(b) provides in part:

   *Motion for Judgment Notwithstanding the Verdict.* Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, *the moving party may move not later than 10 days after the entry of judgment to have the verdict and any judgment entered thereon set aside* and to have judgment entered in accordance with his motion for a directed verdict * * *. (Emphasis furnished.)

6. McCoy v. Alaska Brick Co., supra note 4, at 1010.

7. In regard to the notation "Filed Judgment" made on November 15, 1962, compare Civ.R. 74(a) which requires that the clerk's notations

   be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court * * *.

   Note: In reaching its decision in McCoy, supra note 4, this court in part relied on the case of Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580, 582 (3rd Cir. 1960). In that case the court wrote:

   In a case indistinguishable on its facts from the present case, in that there had been a verdict followed by a notation on the docket that the verdict had been filed, this court held that no judgment had been entered. * * * There is sound reason for this holding. *Since the running of time for motions after judgment and for appeal begins from the entry of judgment, such entry, though not necessarily in any particular forms of words, should be unambiguous on its face so that counsel or a party consulting the docket will have no reasonable basis for doubt as to the nature and effect of what has been done or as to the timeliness of further proceedings.* (Emphasis furnished.)

8. 359 P.2d 951, 954 (Alaska 1961). Although mentioned in Patrick v. Sedwick, 387 P.2d 294, 296 (Alaska 1963), Civ.R. 58 was not directly in issue.

9. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232, 78 S.Ct. 674, 2 L.Ed.2d 721, 726 (1958), was cited in support of the conclusion that the "judge's intent" is determinative. Note: The opinion In re Mountain View Public Util. Dist. No. 1, supra note 8, does not make reference to the content of any docket entries. Compare McCoy v. Alaska Brick Co., supra note 4; and Vogt v. Winbauer, supra note 2.

ing under Civ.R. 58. In light of these four precedents we now have construing Civ.R. 58, I think that a party, or his attorney, faces a potential dilemma in deciding whether or not to rely on a given docket entry or upon the trial "judge's intent."

For instance, in the case at bar we hold that only that portion of the August 10, 1965, appeal is timely which relates to the July 28, 1965, order denying appellant's Civ.R. 60(b) motion. Yet the record discloses that appellant's Civ.R. 60(b) motion came before the lower court for hearing on June 25, 1965, at which time the trial court denied the motion. The clerk's docket entry for June 25, 1965, reads "Hearing on Pltf's Motion to Vacate Stipulation and Set for Trial by Jury (Denied)." It thus appears arguable that appellant's August 10, 1965, notice of appeal was not timely under Supreme Ct. R. 7 if June 25, 1965, is viewed as the pertinent date for appeal purposes. To reach the conclusion that the lower court's order of July 28, 1965, denying appellant's Rule 60(b) motion is the crucial order, it is necessary to interpret the June 25, 1965, proceedings as tantamount to a withholding by the trial judge of a Civ.R. 58 direction to the clerk to enter judgment.[10]

10. Although the record is slightly ambiguous on this point, I am of the opinion that such a conclusion can reasonably be reached.

The transcript of the June 25, 1965, hearing discloses, in part, that after the trial judge denied the Rule 60(b) motion the following transpired:

MR. BOYKO: Your Honor, may a judgment be submitted in this case so that we have something to appeal from, or shall we prepare it or what is Your Honor's desire?

THE COURT: If you desire, you may although the stipulation was and it's clear on the record that both parties said that the stipulation on file and that the Court's order—the motion and order dismissing it could be. If you desire to present a formal order dismissing it, it may be * * * it may be done so if. * * *

* * * * *

I am of the opinion that adoption of the 1963 amendment to Rule 58, Federal Rules of Civil Procedure, would, to a large extent, decrease the existing uncertainties in this area. In 1963, Fed.R.Civ.P. 58 was amended to read as follows:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.[11]

THE COURT: Well, you may proceed as provided for under the rules, Mr. Boyko.

(Note: This exchange took place after considerable argument was heard concerning the prior dismissal of appellant's complaint.)

11. I am of the opinion that the Advisory Committee's Note demonstrates with clarity the reasons for, and purposes of, the amendment. The Advisory Committee's Note to this amendment states:

Under the present rule a distinction has sometimes been made between judgments on general jury verdicts, on the one hand, and, on the other, judgments upon decisions of the court that a party shall recover only money or costs or that all relief shall be denied. In the first situation, it is clear that the clerk should enter the judgment without awaiting a direction by the court unless the court other-

Since this court has concluded that a consent judgment is normally not subject to appellate review (i. e. the dismissal of appellant's complaint) unless a Rule 60(b) motion had been made to set it aside on the grounds of fraud, mistake, lack of consent, et cetera, I concur in the result reached by the majority, for in the case at bar appellant has proceeded in precisely this manner.

I concur in the court's conclusion as to the timeliness of the appeal from the trial court's denial of appellant's Civ.R. 60(b) motion.

wise orders. In the second situation it was intended that the clerk should similarly enter the judgment forthwith upon the court's decision; but because of the separate listing in the rule, and the use of the phrase 'upon receipt * * * of the direction,' the rule has sometimes been interpreted as requiring the clerk to await a separate direction of the court. All these judgments are usually uncomplicated, and should be handled in the same way. The amended rule accordingly deals with them as a single group in clause (1) (substituting the expression 'only a sum certain' for the present expression 'only money'), and requires the clerk to prepare, sign, and enter them forthwith, without awaiting court direction, unless the court makes a contrary order. (The clerk's duty is ministerial and may be performed by a deputy clerk in the name of the clerk. See 28 U.S.C. § 956; cf. Gilbertson v. United States, 168 F. 672 (7th Cir. 1909).) The more complicated judgments described in clause (2) must be approved by the court before they are entered.

Rule 58 is designed to encourage all reasonable speed in formulating and entering the judgment when the case has been decided. Participation by the attorneys through the submission of forms of judgment involves needless expenditure of time and effort and promotes delay, except in special cases where counsel's assistance can be of real value. See Matteson v. United States, 240 F.2d 517, 518–519 (2d Cir. 1956). Accordingly, the amended rule provides that attorneys shall not submit forms of judgment unless directed to do so by the court. This applies to the judgments mentioned in clause (2) as well as clause (1).

Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e. g., 'the plaintiff's motion [for summary judgment] is granted,' see United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 229, 78 S.Ct. 674, 2 L.Ed. 2d 721 (1958). Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal. See id.; and compare Blanchard v. Commonwealth Oil Co., 294 F.2d 834 (5th Cir. 1961); United States v. Higginson, 238 F.2d 439 (1st Cir. 1956); Danzig v. Virgin Isle Hotel, Inc., 278 F.2d 580 (3rd Cir. 1960); Sears v. Austin, 282 F.2d 340 (9th Cir. 1960), with Matteson v. United States, supra; Erstling v. Southern Bell Tel. & Tel. Co., 255 F.2d 93 (5th Cir. 1958); Barta v. Oglala Sioux Tribe, 259 F.2d 553 (8th Cir. 1958), cert. denied, 358 U.S. 932, 79 S.Ct. 320, 3 L.Ed.2d 304 (1959); Beacon Fed. S. & L. Assn. v. Federal Home L. Bank Bd., 266 F.2d 246 (7th Cir.), cert. denied, 361 U.S. 823, 80 S.Ct. 70, 4 L.Ed.2d 67 (1959); Ram v. Paramount Film D. Corp., 278 F.2d 191 (4th Cir. 1960).

The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document —distinct from any opinion or memorandum—which provides the basis for the entry of judgment. That judgments shall be on separate documents is also indicated in Rule 79(b); and see General Rule 10 of the U. S. District Courts for the Eastern and Southern Districts of New York; Ram v. Paramount Film D. Corp., supra, at 194.

See the amendment of Rule 79(a) and the new specimen forms of judgment, Forms 31 and 32.

See also Rule 55(b) (1) and (2) covering the subject of judgments by default.